# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROY BELL, | ) | 2:14-cv-00476-RFB-NJK |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | (Docket No. 23) |
| THE STATE OF NEVADA, *et al.*, | ) | |
| | ) | |
| Defendant(s). | ) | |

This is an action on a civil rights complaint pursuant to 42 U.S.C. § 1983, removed from state court. *See* Docket No. 1. This action proceeds on the complaint. Docket No. 12. The complaint was screened by the Court. Docket No. 11. The screening order imposed a 90-day stay and the Court entered a subsequent order in which the parties were encouraged to engage in informal settlement discussions. Docket Nos. 11, 14. The Office of the Attorney General filed a status report indicating that settlement was not reached and informing the Court of its intent to proceed with this action. Docket No. 16.

On August 5, 2014, the Court ordered Plaintiff's complaint served electronically on the Office of the Attorney General. Docket No. 17. The Court further ordered the Office of the Attorney General to file, within 21 days, a notice advising the Court and Plaintiff the names of Defendants for whom it does accept service, the names of Defendants for whom it does not accept service, as well as the last known addresses, under seal, of Defendants for whom it has such information and does not accept service. *Id*. at 1-2. On August 26, 2014, in compliance with the Court's Order, the Office of the Attorney General filed notice that it accepted service on behalf of Defendants Bannister, Sablica, Arana, and Holmes. Docket No. 20. Additionally, the Office of the Attorney General filed notice, under seal,

of Defendant Chang's last known address, as well as notice that it had made this sealed filing, which was served on Plaintiff. Docket Nos. 21, 22.

On September 2, 2014, Plaintiff filed a motion identifying the unserved defendant. Docket No. 23. Plaintiff, who remains in custody in state prison, requests that the Court issue a summons to Defendant Chang and order the United States Marshal to serve the summons. For good cause shown, the Court will **GRANT** this request.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion identifying unserved defendants, Docket No. 23, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for an Order requiring the U.S. Marshal to serve Defendant Chang is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with a blank copy of the USM-285 form.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue Summons to Defendant Chang, and deliver the same to the U.S. Marshal for service. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285 (with Defendant Chang's address omitted). Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether Defendant Chang was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the court identifying the unserved defendant and specifying a detailed name and/or address for said defendant, or whether some other manner of service should be attempted. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered.

**IT IS FURTHER ORDERED** that Defendant Chang's last known address shall remain sealed and shall not be provided to Plaintiff.

DATED: September 8, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge