UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROY BELL, | Case No. 2:14-cv-00476-RFB-NJK |
| Plaintiff, | ORDER |
| v. | Motion for Summary Judgment (ECF No. 46) |
| THE STATE OF NEVADA, et al., | |
| Defendants. | |

## I.    INTRODUCTION

Before the Court is Defendants' Motion for Summary Judgment. (ECF No. 46.) For the reasons discussed below, the Defendants' Motion is DENIED.

## II.    BACKGROUND

Plaintiff Roy Bell is incarcerated at High Desert State Prison (HDSP), and his Complaint arises from a series of actions relating to his medical treatment while at HDSP in 2013. Defendants include the State of Nevada and a number of officials at the Nevada Department of Corrections (NDOC), including Defendant James G. Cox, the NDOC Director, Defendant Dwight Neven, the Warden of HDSP, and various medical administrators, doctors, and nurses. In summary, Plaintiff alleges that in 2013, he went for 4.5 months without pain medication for his back injury, and six months without medication for his chronic constipation despite numerous kites and grievances requesting medical care. Plaintiff a single cause of action 42 U.S.C. 1983, alleging an Eighth Amendment violation of deliberate indifference to Plaintiff's serious medical needs.

## III.    LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to

1   interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no

2   genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

3   Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering

4   the propriety of summary judgment, the court views all facts and draws all inferences in the light

5   most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir.

6   2014). If the movant has carried its burden, the non-moving party "must do more than simply show

7   that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a

8   whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine

9   issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation

10  marks omitted).

11

12          **IV.     DISCUSSION**

13          The Court incorporates the undisputed and disputed facts outlined in the hearing held on

14  February 10, 2016. To summarize, the Court finds that the parties do not dispute that Plaintiff

15  suffers from lifelong chronic constipation, that in 2012 he was diagnosed with a bulging disc in

16  his back and assigned a regimen of medication associated with his back pain and constipation, and

17  that throughout 2012 he was able to obtain these medications without issue. The parties also agree

18  that Plaintiff submitted a number of grievances and kites requesting medication throughout 2013.

19  The parties dispute whether Plaintiff was given medication for his back pain and constipation

20  throughout 2013.

21          **A.  Legal Standard: Eighth Amendment**

22          To establish an Eighth Amendment claim against prison officials for medical treatment, an

23  incarcerated plaintiff must show deliberate indifference to his serious medical needs. Peralta v.

24  Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)).

25          The Ninth Circuit has established a two-part test for deliberate indifference: first, the

26  plaintiff must establish a serious medical need, meaning that failure to treat the condition could

27  result in "significant injury or the unnecessary and wanton infliction of pain." Id. (quoting Jett v.

28  Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation omitted)). Second, the plaintiff

1   must demonstrate the defendant's deliberate indifference to the need, meaning that the prison

2   official "knows of and disregards an excessive risk to inmate health." Id. (quoting Farmer v.

3   Brennan, 511 U.S. 825, 837 (1994)). The defendant's indifference to or interference with the

4   plaintiff's medical care must be intentional; negligence will not suffice to state a deliberate

5   indifference claim. Jett, 439 F.3d at 1096.  Further, the plaintiff must show that harm resulted from

6   the defendant's indifference, although the harm need not necessarily be substantial. Id.

7           **B.  Analysis**

8           While Defendants argue that neither Plaintiff's back condition nor constipation qualify as

9   serious medical needs, in their interrogatory responses, the doctors indicate that both bulging discs

10  and chronic constipation can cause extreme pain and suffering. See Opp'n, Ex. B.  "A medical

11  need is serious if failure to treat it will result in significant injury or the unnecessary and wanton

12  infliction of pain." Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) cert. denied, 135 S. Ct.

13  946, 190 L. Ed. 2d 829 (2015) (internal citations omitted). The medical records indicate that

14  Plaintiff experienced back pain beginning in 2012; the medical also indicate that Plaintiff has

15  suffered chronic constipation his entire life. Therefore, there is at the very least an issue of material

16  fact as to Plaintiff's serious medical needs.

17          Second, the Court finds that there are issues of fact relating to Defendants' deliberate

18  indifference to Plaintiff's medical needs regarding his back pain and constipation. Namely, it is

19  disputed whether Plaintiff was seen or given medication between January and May 2013

20  specifically for his back pain, and January and August 2013 for his constipation. While there are

21  records indicating that Plaintiff was given aspirin during these months, the parties dispute and the

22  record does not clearly indicate that the aspirin was for Plaintiff's pre-existing heart condition, for

23  which he had received medication since 2010. Therefore the Court finds that there are genuine

24  issues of material fact as to each of Plaintiff's claims.

25          The Court therefore **DENIES** Defendants' Motion for Summary Judgment. (ECF No. 46.)

26          **DATED** April 7, 2016.

27
                                        _____
28                                      RICHARD F. BOULWARE, II
                                        UNITED STATES DISTRICT JUDGE