UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROY BELL,<br><br>                Plaintiff(s),<br><br>vs.<br><br>STATE OF NEVADA, et al.,<br><br>                Defendant(s). | Case No. 2:14-cv-00476-RFB-NJK<br><br>REPORT AND RECOMMENDATION |

On February 16, 2016, the Court ordered the parties to appear for a settlement conference on April 22, 2016. Docket No. 59. That order warned the parties that "**FAILURE TO COMPLY WITH THE REQUIREMENTS SET FORTH IN THIS ORDER WILL SUBJECT THE NON-COMPLIANT PARTY AND/OR COUNSEL TO SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 16(f).**" *Id.* at 3 (emphasis in original). On February 18, 2016, the Court granted Defendant's motion to continue the settlement conference to June 3, 2016, but ordered that the requirements outlined in Docket No. 59 otherwise continued to govern. Docket No. 62. Notice of the requirement that Defendant Chang appear has been provided by her counsel. *See, e.g.*, Docket No. 69 at 2. Notwithstanding the order that all individual parties appear for a settlement conference on June 3, 2016, Defendant Joyce Chang did not appear. *See* Docket No. 67. Instead, it appeared that Defendant Chang has chosen to forfeit her opportunity to participate in this case. *See also* Docket No. 43 (order denying motion to extend deadline for Defendant Chang to respond to discovery because it was based on her decision "to not meaningfully participate in the discovery process"); Docket No. 69 at 2, 4

(motion to withdraw as counsel for Defendant Chang, asserting that, *inter alia*, "Dr. Chang has failed to cooperate in good faith with the defense of the case").[1]

In light of the circumstances, the Court ordered Defendant Chang to show cause in writing, no later than June 10, 2016, why default judgment should not be entered against her. Docket No. 68. The Court expressly warned Dr. Chang of the consequences of not responding to the order to show cause as directed: "**Failure to respond to this order to show cause will result in the recommendation that default judgment be entered against Defendant Chang**." *Id.* at 1-2 (emphasis in original). Despite that warning, Defendant Chang has not responded to that order as required.[2]

The willful failure of Defendant Chang to comply with the Court's orders is an abusive litigation practice that has interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice. Sanctions less drastic than default judgment are unavailable because Defendant Chang has willfully refused to comply with multiple Court orders despite the warning that sanctions including default judgment may result.

Accordingly, **IT IS RECOMMENDED** that default judgment be entered on Plaintiff's claims against Defendant Chang.

DATED: June 17, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure

---

[1] The Court also notes that Defendant Chang failed to appear at the continued settlement conference, held on June 16, 2016. *See* Docket No. 72.

[2] In the interim, Plaintiff settled his claims with the other defendants. *See* Docket No. 72.

to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).